IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL S. HICKS,

    Plaintiff,                    No. CIV S-05-1830 GGH

    vs.

MICHAEL J. ASTRUE,
Commissioner of
Social Security,
                                         ORDER

    Defendant.

_____/

        Pending before the court is plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1). Plaintiff seeks attorneys' fees for 3.95 hours of work at $156.25/hour in 2005, 38.5 hours of work at $161.25/hour in 2006, and 4.95 hours of work at $163.75/hour in 2007, for a total amount of $7,635.88.[1] Plaintiff seeks a cost of living adjustment ("COLA") to the statutory cap on attorneys' fees of $125/hour. Defendant contends that fees under the EAJA should not be awarded because the government's position was substantially justified. In the event fees are awarded, defendant contends that the amount of hours claimed is unreasonable. Defendant also objects to paying the award to

---

[1] Plaintiff seeks an additional 2.5 hours for work done in preparing a reply.

1

plaintiff's counsel rather than to plaintiff herself.

     A. <u>Substantial Justification</u>

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action. An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993). In this case, the matter was remanded pursuant to order of the court for a computation of benefits due to the ALJ's failure to properly analyze treating and examining opinions of medical practitioners, for improperly rejecting plaintiff's testimony as well as lay witness testimony, and for finding that plaintiff did not meet the listings. <u>See</u> Order filed March 13, 2007. Plaintiff thus may be entitled to an award of fees under the EAJA. The court must allow the fee award unless it finds that the position of the United States was substantially justified. <u>Flores v. Shalala</u>, 49 F.3d 562, 568-69 (9th Cir. 1995).

The burden of establishing substantial justification is on the government. <u>Gutierrez v. Barnhart</u>, 274 F.3d 1255, 1258 (9th Cir. 2001). In <u>Pierce v. Underwood</u>, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as:

> 'justified in substance or in the main'– that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

<u>Id</u>. at 565. A position does not have to be correct to be substantially justified. <u>Id</u>. at 566 n.2; <u>see also</u> <u>Russell v. Sullivan</u>, 930 F.2d 1443, 1445 (9th Cir. 1991), <u>receded from on other grounds</u>, <u>Sorenson v. Mink</u>, 239 F.3d 1140 (9th Cir. 2001); <u>Lewis v. Barnhart</u>, 281 F.3d 1081, 1083 (9th Cir. 2002).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government

in the litigation itself. Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified. Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988). "The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified." Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996) (citing Flores v. Shalala, 49 F.3d 562, 570 (9th Cir. 1995)).

Defendant contends the government's position was substantially justified. In support of this contention, defendant argues that although the case was remanded for a computation of benefits, a reviewing court is required to consider the entire administrative record, that ALJ was not required to accept the treating opinion because it did not give an opinion about plaintiff's functional limitations, that substantial evidence supported the ALJ's decision to rely on other medical evidence, that the ALJ's opinion concerning the reliability of plaintiff's complaints was reasonable, that the ALJ's rejection of lay witness testimony was legally sufficient, and that no source found that plaintiff was presumptively disabled, but in fact one medical source opined that plaintiff did not meet the listings.

Although defendant is correct that the government can lose on the merits and its position still be substantially justified for purposes of EAJA, defendant's argument in this instance is unavailing. In reviewing the transcript, briefing on the cross-motions for summary judgment and order granting remand in this case, the court has determined defendant's position had no reasonable basis in either law or fact. The ALJ failed to provide specific and legitimate reasons to reject treating and examining source opinions, failed to properly analyze plaintiff's credibility and lay witness testimony despite well established Ninth Circuit precedent, and failed to properly analyze whether plaintiff met listing 12.04 based on his other failures to properly credit medical evidence and witness testimony. See, e.g., Sampson, 103 F.3d at 922 (position not justified where ALJ mischaracterized medical evidence and failed to take adequate account of

1  testimony).  The government's position thus was not substantially justified and fees under the
2  EAJA will therefore be awarded.

3      B.  <u>Reasonable Fee</u>

4          The EAJA directs the court to award a reasonable fee.  In determining whether a
5  fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the
6  results obtained.  See <u>Commissioner, INS v. Jean</u>, 496 U.S. 154 (1990); <u>Hensley v. Eckerhart</u>,
7  461 U.S. 424 (1983); <u>Atkins v. Apfel</u>, 154 F.3d 986 (9th Cir. 1998).  Taking a reasonable rate
8  and multiplying it by a reasonable amount of expended hours is not the only task left to the
9  district court under the EAJA.  <u>Atkins</u>, 154 F.3d at 989.  The court must also consider the results
10 obtained.  <u>Id.</u>

11         In considering a reasonable rate for attorneys' fees, an increase in the statutory
12 rate of $125 may be justified to account for inflation.  See <u>Ramon-Sepulveda v. INS</u>, 863 F.2d
13 1458, 1463- 64 (9th Cir. 1988) (adding inflationary adjustment to statutory maximum).  The
14 COLA adjustment to the statutory cap is computed by multiplying the cap by the consumer price
15 index for urban consumers for the year in which the fees were earned, then dividing by the
16 consumer price index figure on the date that the cap was imposed by Congress.  <u>Russell v.</u>
17 <u>Sullivan</u>, 930 F.2d 1443 (9th Cir. 1991).  The national, rather than local change in cost of living,
18 should be applied to adjust the EAJA rate cap because "if Congress had wanted to allow for cost
19 of living adjustments in a particular region or city, it could have done so in the statute."  <u>Stewart</u>
20 <u>v. Sullivan</u>, 810 F. Supp. 1102, 1107 (D. Haw. 1993).  The Commissioner argues that the amount
21 of fees requested is unreasonable because the claim of hours expended is excessive in light of the
22 routine issues in the case.  Plaintiff has requested an hourly fee of $156.25 for work done in
23 2005, $161.25 for work done in 2006, and $163.75 per hour for work done in 2007. The
24 Commissioner does not object to these hourly rates.  Therefore, plaintiff's calculated hourly rates
25 for work done from 2005 through 2007 will be utilized in the calculation.
26 \\\\\

1       Counsel requests a total fee in the amount of $8,045.26.  Counsel has submitted declarations documenting 49.5 hours of attorney time, including 3.95 hours of work at $156.25/hour in 2005, 38.5 hours of work at $161.25/hour in 2006, and 7.45 hours of work at $163.75/hour in 2007, pursuant to 28 U.S.C. § 2412(d)(1).  This amount includes plaintiff's additional request of 2.5 hours for work spent in preparing the reply.

      Defendant argues that the issues in this case were not novel or complex, and not deserving of the total requested hours.  The court finds the hours expended by plaintiff's counsel are reasonable for this social security case.  See Patterson v. Apfel, 99 F. Supp. 2d 1212 n. 2 (C.D. Cal. 2000) (finding 33.75 hours plus 3.5 "fee" hours to be reasonable EAJA award; collecting cases).  See also Mendoza v. Bowen, 701 F.Supp. 1471 (N.D. Cal. 1999) (finding fifty hours reasonable despite lack of novel issues); Walton v. Massanari, 177 F. Supp.2d 359, 364-65 (E.D. Pa. 2001) (permitting fees for 53.6 hours spent on a 27 page brief).  In this case, the motion itself was 27 pages long and plaintiff filed a three page reply.  Further, plaintiff prevailed on all arguments.  Accordingly, the court finds all 49.5 claimed hours to be reasonable.

    C.   Whether Fees Should be Payable to Counsel or Plaintiff

      Defendant further contends that any award under EAJA must be made payable to plaintiff, not to counsel.  Defendant is correct that EAJA provides that the court shall award to a prevailing party fees and other expenses incurred in litigation.  28 U.S.C. § 2412(d)(1)(A).  Defendant argues that pursuant to this plain language, the award belongs to the party, not its attorney.  The Ninth Circuit case on point, referred to by defendant, states that fees in 42 U.S.C. § 1988 cases should be awarded directly to the prevailing party, "in the absence of a contractual assignment to counsel."  Gilbrook v. City of Westminster, 177 F.3d 839, 875 (9th Cir. 1999).  As stated by the Supreme Court:

> Moreover, this Court, in holding that it is the prevailing party, rather than the lawyer, who is eligible for fees, has recognized that it is the party's right to waive, settle, or negotiate that eligibility, Evans v. Jeff D., 475 U.S. 717, 730, 106 S.Ct. 1531, 1538, 89 L.Ed.2d 747 and has implicitly accepted that statutory fee awards

5

          can coexist with private fee arrangements, cf., Blanchard v.
Bergeron, 489 U.S. 87, 94-95, 109 S.Ct. 939, 944-945, 103
L.Ed.2d 67; Blum v. Stenson, 465 U.S. 886, 894-895, 104 S.Ct.
1541, 1546-1547, 79 L.Ed.2d 891.

Venegas v. Mitchell, 495 U.S. 82, 88, 110 S. Ct. 1679, 1680 (1990). Here, plaintiff has presented proof of a contractual assignment to her attorney of EAJA fees award to plaintiff. Attach. to Pl.'s Reply.

      Moreover, the assignment at issue does not assign plaintiff's counsel an interest in the right to claim attorneys' fees under EAJA, just the right to recover should any fees be awarded. See Pony v. County of Los Angeles, 433 F.3d 1138, 1145 (9th Cir. 2006) (for fees awarded under 42 U.S.C. § 1988, although right to seek or waive attorneys' fees may not be transferred, right to collect attorneys' fees can be transferred); see also West Virginia Univ. Hospitals, Inc. v. Casey, 499 U.S. 83, 89 (section 1988 is state counterpart of EAJA); Hensley v. Eckerhart, 461 U.S. at 433 n. 7 (standards for prevailing party fee shifting statutes should be generally the same).

      Also illuminating of the error in defendant's argument is the procedure required under 42 U.S.C. § 406(b). When an award is made for payment of attorneys' fees under that section, plaintiff's counsel is required to refund to plaintiff the smaller amount of an EAJA award or the amount awarded under § 406(b). Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). That procedure clearly contemplates an earlier award of EAJA fees being made to plaintiff's counsel. If plaintiff's counsel could not recover EAJA fees pursuant to a contractual assignment, there would be no necessity for plaintiff's counsel to refund the smaller of the two awards. Allowing an award under EAJA to be paid to plaintiff's counsel pursuant to contractual assignment is thus consistent with the procedure for determining attorneys' fees under the Social Security Act. See generally Gilbrook v. City of Westminster, 177 F. 3d 839, 874-875 (9th Cir. 1999) (in absence of contractual assignment to counsel, attorney fee awards under 42 U.S.C. § 1988 must be made directly to the prevailing party). In this case, plaintiff entered into a contract

1  with counsel which assigned the right to recover EAJA fees to plaintiff's counsel. Accordingly,

2  the court will uphold the provisions of that contract.

3  CONCLUSION

4        Accordingly, IT IS HEREBY ORDERED that plaintiff's May 30, 2007 motion

5  for EAJA fees is granted. Plaintiff is awarded attorneys' fees pursuant to the EAJA in the

6  amount of $8,045.26. Said fees shall be made payable to plaintiff's counsel.

7  DATED: 11/20/07                            /s/ Gregory G. Hollows

8                                                 GREGORY G. HOLLOWS
                                               UNITED STATES MAGISTRATE JUDGE

9  GGH:076
Hicks1830.eaja.wpd